UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YVONNE FROST,

                Plaintiff,

-against-

CITY OF NEW YORK (HRA), *et al.*,

                Defendants.

20-CV-5344 (CM)

ORDER OF DISMISSAL
UNDER 28 U.S.C. § 1651

COLLEEN McMAHON, Chief United States District Judge:

    By order dated November 7, 2019, the Court barred Plaintiff from filing any new civil action in this Court *in forma pauperis* (IFP) without first obtaining from the Court leave to file. *See Frost v. City of New York (HRA)*, ECF 1:19-CV-8936, 6 (S.D.N.Y. Nov. 7, 2019). Because Plaintiff continued to file scores of new frivolous civil actions after the bar order, the Court imposed additional filing restrictions on her. *See Frost v. NYPD*, ECF 1:20-CV-0417, 5 (S.D.N.Y. Feb. 14, 2020) (requiring Plaintiff to submit with any new complaint a motion for leave to file; a copy of the February 14, 2020 order; the relevant fees or IFP application; and a statement, made under penalty of perjury, stating that the claims are not frivolous or in bad faith, that the lawsuit is not brought for any improper purpose, such as to harass or cause unnecessary delay, and that the filing complies with this Court's orders, the Federal Rules of Civil Procedure, and this Court's Local Rules).

    On July 2, 2020, Plaintiff filed this new complaint. With the exception of a copy of the Court's February 14, 2020 order, she has submitted the requisite documents. But after reviewing Plaintiff's motion for leave to file, accompanying letter, and proposed complaint, the Court concludes that this action does not represent a departure from Plaintiff's pattern of vexatious and nonmeritorious filings. Plaintiff fails to assert any facts suggesting that she has a plausible claim for relief. Because Plaintiff has failed to show good cause why she should be permitted to file

this new action, the Court denies her leave to file this action. The Court directs the Clerk of Court to close this action.

Plaintiff is warned that the continued submission of frivolous complaints may result in the imposition of additional sanctions, including further restrictions on her filing any new civil actions in this Court and monetary penalties.

## CONCLUSION

Plaintiff has consented to receive electronic service of Court documents. (ECF 5.)

The Court denies Plaintiff's application to proceed IFP and her motion for leave to file this new civil action. (ECF 2-4.) The orders barring Plaintiff from filing any new civil actions in this Court IFP without first seeking permission of the Court remain in effect. Plaintiff is warned that the continued submission of frivolous complaints may result in the imposition of additional sanctions, including further restrictions on her filing any new civil actions in this Court and monetary penalties.

The Clerk of Court is directed to close this action.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   July 17, 2020
         New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge